# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Ali Shahrokhi,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Nicholas B. Boutos; Kenneth Bourne; Elizabeth Inskeep; Karen Cliffe; Jimmy L. Nguyen; Clark County, a political subdivision; Clark County Family Support,<br><br>　　　　　Defendants. | Case No. 2:23-cv-00671-CDS-DJA<br><br>**Order** |

This is a civil rights action arising out of *pro se* Plaintiff Ali Shahrokhi's state-court child-support dispute. Defendants Clark County, Elizabeth Inskeep, Karen S. Cliffe, Nicholas B. Boutos, and Kenneth Bourne move to quash service of Plaintiff's original complaint, arguing that service of the original complaint is now "void" because Plaintiff has filed an amended complaint. (ECF No. 12). Plaintiff moves to compel a Federal Rule of Civil Procedure 26(f) conference, arguing that Defendants did not respond to his requests to set one. (ECF No. 33). Because Defendants have not argued that service of the original complaint was insufficient, the Court denies the motion to quash. Because Defendants have indicated their willingness to engage in a Rule 26(f) conference and explained that they simply did not receive Plaintiff's emails, the Court denies the motion to compel as moot.

**I.    Discussion.**

　　　*A.    The Court denies the motion to quash.*

　　Plaintiff filed his complaint on April 28, 2023. (ECF No. 1). Plaintiff served Cliffe and Inskeep with the complaint on May 2, 2023. (ECF No. 6). On May 3, 2023, however, Plaintiff filed an amended complaint. (ECF No. 7). Plaintiff then served the original complaint on Boutos and Bourne on May 16, 2023. (ECF No. 11). Defendants now move to quash service of the

original complaint, explaining that it is now obsolete. (ECF No. 12). Plaintiff responds that, because Defendants are aware of the original complaint and the amended complaint (because Plaintiff emailed them the amended complaint), the Court should deny the motion to quash. (ECF No. 14). Plaintiff asserts that he "will also serve the amended complaint to the Defendants through the counsel who has now identified herself as the attorney of record for Defendants…" (*Id.* at 3). Defendants did not reply.

The Court denies Defendants' motion because they provide no authority that quashing prior service as "obsolete" is appropriate. Defendants' argument is based on the premise that because an amended complaint supersedes the original, and because a plaintiff must serve the amended complaint, Plaintiff's service of the original complaint is now somehow void. But Defendants have not argued that Plaintiff's service of the original complaint was insufficient under Federal Rule of Civil Procedure 12(b)(5). And they have not otherwise provided case law or a rule that would support quashing previous, otherwise sufficient process simply because there is a new operative complaint.

### B. The Court denies the motion to compel as moot.

Plaintiff moves to compel Defendants to engage in a Federal Rule of Civil Procedure 26(f) conference. (ECF No. 33). Plaintiff explains that he emailed Defendants on August 21, 2023 with proposed dates for the conference, but that he did not receive a response. Plaintiff sent a follow up email on August 24, 2023. When he did not receive a response, he filed his motion to compel on August 26, 2023. Defendants respond that their counsel did not receive Plaintiff's emails because Plaintiff's email address was blocked from their email server. (ECF No. 36). Defendants assert that their counsel has unblocked Plaintiff's email and propose three dates for the Federal Rule of Civil Procedure 26(f) conference.

Under Federal Rule of Civil Procedure 37(f), "[i]f a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure." Here, Defendants have not failed to participate in good faith. Instead, as they have explained, their

counsel did not receive Plaintiff's email.  While the circumstances of Defendants' counsel's server blocking Plaintiff's email are unclear, Defendants have since un-blocked Plaintiff's email and proffered dates on which they are available to conduct the Rule 26(f) conference.  The Court thus finds that their failure to respond to Plaintiff's emails were not bad faith.  And Defendants' willingness to conduct the Rule 26(f) meeting moots Plaintiff's motion to compel.  The Court thus denies Plaintiff's motion to compel as moot.

**IT IS THEREFORE ORDERED** that Defendants' motion to quash (ECF No. 12) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (ECF No. 33) is **denied as moot.**

DATED: September 25, 2023.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE