# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Ali Shahrokhi,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Nicholas Boutos, et al.,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-00671-CDS-DJA<br><br>**Order** |

　　　This is a civil rights action arising out of Plaintiff Ali Shahrokhi's custody dispute in the Eighth Judicial District Court.  Plaintiff sues the following Defendants: (1) Nicholas B. Boutos, a deputy investigator for the Clark County District Attorney Family Support Division ("DAFS"); (2) Kenneth Bourne, a deputy investigator for DAFS; (3) Elizabeth Inskeep, a social worker for DAFS; (4) Karen S. Cliffe, an executive for DAFS; (5) Clark County; (6) Jimmy L. Nguyen, a private citizen who Plaintiff alleges conspired with DAFS; and (7) DAFS.  Plaintiff sues Defendants for damages, alleging violations of the United States Constitution, the Nevada constitution, and federal law.

　　　Defendants move to stay discovery pending the Court's decision on their motion to dismiss, arguing in part that they are immune from suit and that Plaintiff has been declared a vexatious litigant in other state and federal cases involving his custody proceedings.[1]  (ECF No. 42).  Plaintiff moves to amend his complaint to remove a party and add new facts.  (ECF No. 49).  Because the Court finds that Defendants have demonstrated good cause, it grants the motion to

---

[1] ECF No. 28-2 (the Honorable District Judge Jennifer A. Dorsey's Order in Case No. 2:20-cv-01623-JAD-NJK compiling Plaintiff's other custody-dispute cases and discussing the vexatious litigant orders in state and federal cases).

stay discovery. Because the Court finds that Defendants' arguments would be better developed through a dispositive motion, it grants Plaintiff's motion to amend his complaint.

**I.    Discussion.**

    ***A.    Defendants' motion to stay discovery.***

        1.    The parties' arguments.

Defendants move to stay discovery, asserting that their motion to dismiss is dispositive of all of Plaintiff's claims, that their motion can be resolved without additional discovery, and that a stay will preserve the parties' and the Court's resources. (ECF No. 42). Plaintiff responds that a stay is inappropriate because discovery is necessary to his case, because Defendants continue to violate his rights, and because Defendants' motion to dismiss will fail. (ECF No. 45). Defendants reply and point out that discovery is unnecessary to the pending motion to dismiss, despite Plaintiff's arguments that discovery is necessary to the case. (ECF No. 46).

Because neither party briefed the good cause standard that this Court uses to determine motions to stay discovery, the Court ordered the parties to submit supplemental briefs on this standard. (ECF No. 50). Defendants filed a supplement and explained that good cause existed to stay discovery because their motion to dismiss is based on a lack of jurisdiction and the absolute and qualified immunity of the Defendants. (ECF No. 53). Defendants add that other factors like the breadth and irrelevance of Plaintiff's purported discovery topics support good cause. Defendants also point out that many of Plaintiff's allegations surround a bench warrant which Plaintiff claims is not valid. However, Defendants did not issue the warrant, they simply enforced it. They add that Plaintiff appears to be attempting to discover his way into a viable complaint. Defendants conclude that Plaintiff will not be prejudiced by a discovery stay because he has not identified documents or testimony that needs to be immediately preserved. Plaintiff did not submit a supplemental brief.

        2.    Analysis.

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Fed.

R. Civ. P. 26(c). The standard for staying discovery under Rule 26(c) is good cause. The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. But it has identified one scenario in which a district court may stay discovery and one scenario in which a district court may not stay discovery. The Ninth Circuit has held that a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). The Ninth Circuit also has held that a district court may not stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).

Based on this Ninth Circuit law, district courts in the District of Nevada typically apply the preliminary peek test to determine when discovery may be stayed. *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). However, the test this Court employs considers (1) whether the dispositive motion can be decided without further discovery, and (2) whether good cause exists to stay discovery. *Gibson v. MGM Resorts International*, No. 2:23-cv-00140-MMD-DJA, 2023 WL 4455726, at *3 (D. Nev. July 11, 2023). Good cause may be established using the preliminary peek test, but it may also be established by other factors not related to the merits of the dispositive motion. For example, in many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). Accordingly, the movant must establish what undue burden or expense will result from discovery proceeding when a dispositive motion is pending. Ultimately, guided by Fed. R. Civ. P. 1, the Court is trying to determine "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603. "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

Here, the Court finds that Defendants have demonstrated good cause to stay discovery. Regarding the first prong of the good cause analysis, although Plaintiff asserts that discovery is

necessary for his case, he has not demonstrated that discovery is necessary for the Court to decide the pending motion to dismiss. Regarding the second prong, the Court finds that Defendants have demonstrated good cause to stay discovery. Defendants have explained that, for the purposes of a preliminary peek, their motion to dismiss has merit. They have also demonstrated that the topics of discovery outlined by Plaintiff in his response have no bearing on the motion to dismiss. The Court thus grants the motion to stay discovery.

### B. Plaintiff's motion to amend complaint.

#### 1. The parties' arguments.

Plaintiff moves to amend his complaint to remove Defendants Nguyen and DAFS, to provide more detailed descriptions to support his causes of action, and to allege new facts. (ECF No. 49). Defendants respond, arguing that Plaintiff's proposed amendment is futile. (ECF No. 54). Defendants point out that Plaintiff's additions consist of correcting an error, naming Clark County instead of DAFS, adding three new claims, and changing the theory of another. Defendants assert that the additions are nonetheless futile. Defendants argue that, although Plaintiff asserts that he would provide a more detailed description in his amendment, they have compared the previous complaint with the amendment and see that Plaintiff has removed facts, not added them. Defendants also argue that they would be prejudiced by the amendment because their motion to dismiss is currently pending and because Plaintiff has not added new allegations or facts that would make his complaint viable. Plaintiff did not file a reply.

#### 2. Analysis.

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

The nonmovant bears the burden of showing why amendment should not be granted. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-v-1602-JCM-EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted.").

An amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "Denial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or a motion for summary judgment." *Id.* (internal citations omitted).

Here, considering the liberal standards for allowing leave to amend and the fact that Defendants carry the burden of showing why amendment should not be granted, the Court grants Plaintiff's motion to amend. Defendants' primary arguments against Plaintiff's amendment concern futility. However, denial of leave to amend on futility grounds is rare. And Defendants' arguments about futility are better developed through a motion to dismiss. The Court thus grants Plaintiff's motion to amend.

**IT IS THEREFORE ORDERED** that Defendants' motion to stay discovery (ECF No. 42) is **granted.** If the case continues after the Court's decision on Defendants' motion to dismiss,

the parties shall meet and confer and submit a stipulated discovery plan and scheduling order complying with Local Rule 26-1 within **twenty-one days** after the Court's decision on the motion to dismiss.

      **IT IS FURTHER ORDERED** that Plaintiff's motion to amend (ECF No. 49) is **granted.** Plaintiff must file and serve the amended pleading as required by Local Rule 15-1(b).

DATED: November 8, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE