**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Ali Shahrokhi, | Case No. 2:23-cv-00671-CDS-DJA |
| Plaintiff | **Omnibus Order Resolving Pending Motions** |
| v. | |
| Nicholas B. Boutos, et al., | [ECF Nos. 23, 29, 30, 39, 47, 57, 61, 62, 69, 72] |
| Defendants | |

This is a § 1983 action brought by pro se plaintiff Ali Shahrokhi, his eleventh action[1] in this court related to his ongoing dispute with two cases in the Family Division of the Eighth Judicial District Court. Here, unlike Shahrokhi's prior issues where he challenged the judicial officers or the paternity determination or child support order, these claims arise out of his arrest for failing to pay child support. Defendants Kenneth Bourne, Nicholas B. Boutos, Clark County, Nevada, Karen S. Cliffe, and Elizabeth Inskeep move to dismiss the second amended complaint for failing to state a claim. ECF No. 62. Also pending before the court are several other motions and requests for judicial notice. ECF Nos. 23, 29, 30, 39, 47, 57, 61, 62, 69, 72. Because I am dismissing the second amended complaint, I deny all other motions and requests for judicial notice as moot.

I.     **Legal standard**

Under the Federal Rules of Civil Procedure, a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed

---

[1] District Judge Jennifer Dorsey declared Shahrokhi a vexatious litigant on July 18, 2022. *See* 2:22-cv-00001-JAD-VCF at ECF No. 21. That order remains active. His other filings include: *Shahrokhi v. Hardesty, et al.*, Case No. 2:21-cv-02251-RFB-VCF; *Shahrokhi v. Harter, et al.*, Case No. 2:21-cv-01126-RFB-NJK; *Shahrokhi v. Harter, et al.*, Case No. 2:21-cv-00557-APG-BNW; *Phillips, et al. v. Ochoa, et al.*, Case No. 2:21-cv-00483-APG-NJK; *Phillips, et al. v. Truby, et al.*, Case No. 2:21-cv-00358-KJD-EJY; *Shahrokhi v. Tao*, et al., Case No. 2:20-cv-02346-GMN-VCF; *Phillips, et al. v. Duckworth, et al.*, 2:20-cv-02345-RFB-NJK; *Shahrokhi v. Harter, et al.*, Case No. 2:20-cv-01623-JAD-NJK; *Shahrokhi v. Harter, et al.*, Case No. 2:20-cv-01019-APG-VCF.

in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, legal conclusions are not awarded this same presumption just because they are cast in the form of factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Id.* at 556. And if the court grants a motion to dismiss, the court should grant leave to amend even if no request to amend is made unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless the deficiencies of the complaint clearly cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Federal Rule of Civil Procedure (FRCP) 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

At the motion to dismiss stage, the court only considers the well-pleaded allegations in the plaintiff's complaint. *Twombly*, 550 U.S. at 555. Typically, when a party submits evidence outside the pleadings in a motion to dismiss, the court converts the motion to a motion for summary judgment and imposes FRCP 56's standard. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). However, there are exceptions to the conversion rule, one of which being that the court can consider matters of public record or materials properly submitted as part of the complaint for judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

II.     **Relevant procedural history**

Shahrokhi initiated this action in April of 2023. ECF No. 1. Six days later, Shahrokhi filed a first amended complaint (FAC). ECF No. 7. Shahrokhi alleged violations of the 4th, 8th, and

14th Amendments, and related state claims, as well as a conspiracy and *Monell* violations against defendants Nicholas B. Boutos (in his personal capacity), Kenneth Bourne (in his personal capacity), Elizabeth Inskeep (in her personal capacity), and Karen S. Cliffe (in her personal capacity).[2] *Id.* at 2. All defendants work for the Clark County District Attorney's Office, Family Support Division. *Id.* at 4–5. Boutos and Bourne are identified as investigators. *Id.* at 4. Inskeep works as a case manager in the same office. *Id.* at 5. Defendants filed a motion to dismiss the amended complaint (ECF No. 23), which Shahrokhi opposed (ECF No. 27).

On August 14, 2023, Shahrokhi filed both a motion for partial summary judgment (ECF No. 29) and a motion to strike Exhibit B that was attached to the defendants' motion to dismiss (ECF No. 30). Defendants opposed both motions. ECF Nos. 32, 35. On October 5, 2023, defendants filed a motion to strike Shahrokhi's reply to his partial summary judgment motion for violating the local rules. *See* ECF No. 47. Shahrokhi filed an opposition to the motion. ECF No. 51.

On September 22, 2023, defendants filed a motion to stay discovery. ECF No. 42. Shahrokhi opposed the motion on September 27, 2023. ECF No. 45. On October 18, 2023, Magistrate Judge Daniel J. Albregts issued a minute order directing defendants to file supplemental briefing by October 27, 2023, regarding the motion to stay as neither party addressed the "good cause" test employed by the court in resolving motions to stay. *See* Min. Order, ECF No. 50. Defendants complied with Judge Albregts' order and filed a supplement on October 26, 2023. ECF No. 53. Shahrokhi filed a timely[3] response to the supplemental brief on November 2, 2023. ECF No. 55. However, without leave of court, on November 6, 2023, Shahrokhi filed a motion to strike the exhibits attached to defendants' supplemental briefing.

---

[2] The original complaint and first amended complaint named two additional defendants: Jimmy L. Nguyen and the Clark County District Attorney's Family Support Division. ECF Nos. 1-1, 7. They were not named in the second amended complaint and were therefore dismissed from this action. ECF No. 59; *see Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 565–66 (9th Cir. 1990). Accordingly, Shahrokhi's motion to dismiss defendant Nguyen (ECF No. 39) is denied as moot.

[3] Judge Albregts ordered that Shahrokhi's response to the supplemental briefing must be filed on or before November 3, 2023. *See* ECF No. 50.

ECF No. 57. The motion failed to address why the request to strike was not incorporated in Shahrokhi's response to the motion, nor did it set forth good cause for Shahrokhi's failure to timely file it. On November 8, 2023, Judge Albregts granted defendants' motion to stay discovery. *See* ECF No. 58.[4]

In the same order on November 8, 2023, Judge Albregts also granted Shahrokhi's motion for leave to amend the complaint. ECF No. 58. Two days later, Shahrokhi filed a second amended complaint (SAC). ECF No. 59. The SAC brings allegations against the same defendants as set forth in the FAC (Boutos, Bourne, Inskeep, and Cliffe, who work for the Clark County District Attorney's Office, Family Support Division) but also names Clark County as a defendant. *Id.* at 3–5. Boutos and Bourne are identified as investigators. *Id.* Inskeep works as a case manager in the same office. *Id.* Defendants moved to dismiss the SAC on November 27, 2023 (ECF No. 62), which Shahrokhi opposes (ECF No. 66).

On November 20, 2023, Shahrokhi filed a motion for reconsideration of Judge Albregts' decision granting defendants' motion to stay discovery. ECF No. 61. Defendants oppose the motion. ECF No. 65. Also pending before the court are two requests for judicial notice filed by Shahrokhi. ECF Nos. 69, 72.

### III.    Background information

This case stems from Shahrokhi's 2018 custody battle,[5] which he lost, in the Family Division of the Eighth Judicial District Court.[6] As part of that custody case, Shahrokhi was ordered to pay child support. A related child support enforcement action was initiated against

---

[4] While Shahrokhi's motion to strike defendants' exhibits to the supplemental brief could have been stricken as untimely and for failing to set forth good cause for filing it late, Judge Albregts granting the motion to stay rendered the motion to strike moot. Accordingly, Shahrokhi's motion to strike (ECF No. 57) is denied as moot.

[5] I take judicial notice of the dockets related to Shahrokhi's 2018 paternity and custody dispute (case number D-18-581208-P) and his 2021 child support enforcement action (case number R-21-218156-R). *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 750 n.6 (9th Cir. 2006) (A court may take judicial notice of court filings and other matters of public record).

[6] Shahrokhi appealed the Family Court's decision and lost. The Supreme Court of Nevada affirmed the district court's custody determination in May 2022 in *Shahrokhi v. Burrow*, Case Nos. 81978, 82245, and 83726. *See* Order of Affirm., 2:20-cv-01623-JAD-NJK at ECF No. 153-1.

Shahrokhi in November of 2021. On October 3, 2022, continued proceedings on an order to show cause were held regarding Shahrokhi's failure to pay child support. *See* Order Adopting Report and Recommendation (R&R), ECF No. 62-2 at 1 (procedural background), 4 (detailing Shahrokhi's failure to make child support payments).[7] Shahrokhi failed to appear for the hearing, so a no-bail bench warrant was issued. *See* Bench Warrant, Defs.' Ex. A, ECF No. 62-1. On October 6, 2022, Shahrokhi filed a motion to quash the bench warrant; the motion was set for hearing on December 27, 2022. Order approving R&R, ECF No. 62-2 at 3. That hearing was later vacated because Shahrokhi initially did not indicate an inability to pay the contempt purge amount. *Id.* at 7. The R&R advised Shahrokhi that if he was going to assert an inability to pay, he would have to file a new Motion for Order Shortening Time asserting his inability to pay and that he would have to provide a financial disclosure form to support his position. *Id.* The R&R was adopted by Eighth Judicial District Court Judge Bill Henderson on November 3, 2022. *Id.* at 2. There is no information before the court showing that Shahrokhi filed a new Motion for Order Shortening Time asserting his inability to pay, nor that he submitted a financial disclosure form.

On March 14, 2023, defendants Boutos and Bourne executed the bench warrant and arrested Shahrokhi outside his home. Bench Warrant, Defs.' Ex. A, ECF No. 62-1. Shahrokhi now brings this civil rights action, alleging that the bench warrant that was issued, and ultimately resulted in his arrest, was "invalid," and as a result, that defendants Boutos and Bourne violated his Fourth Amendment rights when they arrested him. *See generally* SAC, ECF No. 59. Shahrokhi's prayer for relief seeks several types of monetary damages as well as equitable relief. *Id.* at 38–40.

---

[7] The R&R noted that at a prior hearing in November of 2021, Shahrokhi declined to be sworn in or give testimony for the child support hearing. *See* Order Adopting R&R, ECF No. 62-2 at 5. At the same hearing, it was recommended that Shahrokhi be held in contempt and be given a five-day suspended jail sentence for his willful failure to pay child support. *Id.* at 4. Shahrokhi was given specific instructions in that order to purge the contempt order but failed to comply; part of that order including appearing at all future hearings, which Shahrokhi failed to abide by. *Id.* at 4–5. Shahrokhi appealed the decision and lost. *See* Order Den. Shahrokhi's Pet. for Writ of Habeas Corpus, Mandamus, or Prohibition, ECF No. 62-3.

**IV.    Summary of the pleadings**

Defendants seek dismissal of the SAC on several grounds. First, defendants argue that Shahrokhi fails to state a claim upon which relief can be granted because the entirety of the case rises and falls on his assertion that the bench warrant issued for his arrest was "invalid." *See generally*, ECF No. 62 at 5–8. Defendants further argue that Shahrokhi misapprehends the scope and power of a hearing master. *See generally id.* at 5–7. Defendants further contend that this court lacks jurisdiction over this action based on the *Younger* abstention doctrine. *Id.* at 12–13. Additionally, defendants argue that even if the complaint does set forth a viable claim, they are entitled to both qualified and absolute immunity. *Id.* at 8–12. Defendants argue the complaint fails to state a viable *Monell* claim, and that the claims alleging conspiracy, false imprisonment, an 8th Amendment violation, procedural and substance due process, and retaliation, fail for various reasons. *See generally id.* at 14–23.

In opposition to the motion, Shahrokhi argues that defendants' motion is meritless. ECF No. 66 at 2. He confirms that the complaint is based on his belief that the bench warrant issued for his arrested was "invalid." *See id.* at 2 ("Defendants…[executed] an invalid bench warrant."); *see also id.* at 3 ("an invalid bench warrant that does not meet the Fourth Amendment standards for private home entries" and "[d]efendants . . . . fail to specify that the hearing master was not a neutral and detached magistrate authorized to issue a bench warrant."). He argues that the invalidity of the warrant defeats defendants' immunity claims; that the *Younger* abstention doctrine is inapplicable here; and without proving supporting authority, claims that *Younger* is "outdated." *Id.* at 2; 16–18. Shahrokhi also argues that Nevada is a "notice-pleading" state[8] and that he has met the notice pleading standard. *Id.* at 20. The remainder of the opposition reiterates Shahrokhi's position that the bench warrant was invalid, causing him to be deprived

---

[8] The court notes that Shahrokhi is correct—the state of Nevada is a notice-pleading state. *W. States Const., Inc. v. Michoff*, 840 P.2d 1220, 1223 (Nev. 1992) ("Nevada is a notice-pleading state"). But this action was brought in federal court, so any complaint is subject to the pleading requirements set forth in the Federal Rules of Civil Procedure and *Iqbal/Twombly*.

of his constitutional rights. *See generally id.* at 21–29. He makes conclusory arguments in support of his claims. *See generally id.*

In reply, defendants reiterate that this case is improperly based on Shahrokhi's ongoing challenges to the child support order issued against him, and further on his erroneous insistence that the bench warrant issued for his arrest was invalid. *See generally* ECF No. 68. Defendants further contend that Shahrokhi's opposition is filled with "inconsistencies and inaccuracies." *Id.* at 5. Defendants maintain that they are entitled to immunity, argue that Shahrokhi failed to support any of his constitutional violation claims, and finally note that the opposition violates Local Rule 7-3(b), which limits the number of pages for oppositions to motions (other than those for summary judgment) to 24 pages. *Id.* at 7 (citing LR 7-3(b)).

**V.    Shahrokhi violated Local Rule 7-3(b).**

As a threshold matter, the court addresses Shahrokhi's violation of Local Rule 7-3(b), which provides that all responses to non-summary judgment motions are limited to 24 pages. LR 7-3(b). Shahrokhi attempts to justify his violation by arguing that he was responding to a motion to summary judgment, which under the local rules provides for a 30-page response. ECF No. 66 at 30; *see* LR 7-3(a). Defendants correctly respond that Shahrokhi was responding to a motion to dismiss, not a motion for summary judgment. ECF No. 68 at 7. Shahrokhi has already been declared vexatious in another case filed in this district, and he has been cautioned about the consequences of violating or failing to abide by the local rules. *See e.g., Shahrokhi v. Throne*, 2022 WL 2080090, at *2 (D. Nev. June 9, 2022), *aff'd sub nom. Shahrokhi on behalf of B. E. S. v. Throne*, 2023 WL 6826753 (9th Cir. Oct. 17, 2023) (citing the local rule that deems failing to oppose a motion as consent to granting of the motion); *id.* at n.11 (cautioned the parties, including Shahrokhi, that they must comply with the local rules). His violation alone could be grounds to strike Shahrokhi's opposition. But given it is only six-pages oversized, and for purposes of judicial efficiency, I decline to do so at this time. Shahrokhi is yet again cautioned that he must follow all rules and orders of the court, including the local rules. Failure to do so may result in sanctions,

1   including dismissal of the case. *See United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)

2   (holding that failure to follow a district court's local rules is a proper ground for dismissal);

3   *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992) (holding that a

4   district court may dismiss an action for failure to comply with any order of the court.).

5   **VI.    The *Younger* Abstention Doctrine applies in this case.**

6          As a court of limited jurisdiction,[9] I first address defendants' argument that the *Younger*

7   abstention doctrine deprives this court of subject matter jurisdiction, because if applicable,

8   dismissal is required. ECF No. 62 at 12–13; *see Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir.

9   1988) (holding that if applicable, the "*Younger* abstention doctrine requires *dismissal* of the federal

10  action."). The *Younger* doctrine requires federal courts to abstain from exercising jurisdiction

11  over claims that implicate ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971);

12  *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). Younger abstention concerns "equitable

13  principles, and on the 'more vital consideration' of the proper respect for the fundamental role of

14  [s]tates in our federal system." *Ohio C.R. Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626–27

15  (1986) (quoting *Younger* 401 U.S. at 43–44).

16         *Younger* abstention in favor of a state proceeding is appropriate if three criteria are met:

17  (1) ongoing state proceedings; (2) the proceedings implicate important state interests; and (3)

18  the state proceedings provide an adequate opportunity to litigate the plaintiff's federal

19  constitutional claims. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432

20  (1982); *Kenneally v. Lungren*, 967 F.2d 329, 331–32 (9th Cir. 1992). The doctrine reflects "a strong

21  federal policy against federal-court interference with pending state judicial proceedings absent

22  extraordinary circumstances." *Middlesex County Ethics Committee*, 457 U.S. at 423.

23

24

25

26

---

[9] *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).

A.     All three *Younger* requirements are satisfied here.

1.     *The child support dispute is an ongoing state proceeding.*

With limited exception,[10] all of Shahrokhi's claims involve the ongoing state child custody case, and related child support enforcement proceedings. Shahrokhi concedes this in his amended complaint, pleading that this action arises out of a "highly contested child custody battle" that "is still ongoing," including a battle regarding the child support order. SAC, ECF No. 59 at 5–9. At the motion to dismiss stage, the court must take the complaint's allegations as true. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) ("[F]aced with a Rule 12(b)(6) motion to dismiss . . . courts must . . . accept all factual allegations in the complaint as true."); *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1136 (9th Cir. 2017) ("We take as true the complaint's plausible and properly pleaded allegations[.]"). Thus, this fact is accepted as true.[11]

2.     *The child support proceeding implicates important state interests.*

The Ninth Circuit has long held that domestic cases, including child support cases, are important state proceedings. *See United States v. Windsor*, 570 U.S. 744, 767 (2013) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States") (quoting *In re Burrus*, 136 U.S. 586, 593–94 (1890))); *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) ("[A] state has a vital interest in protecting the authority of the judicial system, so that its orders and judgments are not rendered nugatory. This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, and in which the state courts

---

[10] *See infra* Section VI.C.

[11] The court also independently finds that the state's enforcement of the child support order is "ongoing" for purposes of *Younger* abstention because such orders necessarily require the continued involvement of state courts, which are "charged with monitoring, enforcing and modifying the child support obligations." *Anthony v. Council*, 316 F.3d 412, 419 (3d Cir. 2003). Indeed, child support orders "endure for many years and require continual state involvement," and the fact that "state courts continually monitor, enforce and modify child support orders makes these particular procedures unique." *Id.* at 419 n.9. For purposes of this *Younger* analysis, the enforcement of the child support order (rather than the related custody battle) is the relevant ongoing state proceeding.

have a special expertise and experience."); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (noting the "strong state interest in domestic relations matters" and "the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states"); *Matter of Reynolds*, 726 F.2d 1420, 1423 (9th Cir. 1984) ("The obligation of parents to support their children is a matter of paramount social concern."). The state also has an important interest in enforcing child support. *See Duranceau v. Wallace*, 743 F.2d 709, 711 (9th Cir. 1984) ("It is hard to imagine a more compelling state interest than the support of its children."); *Cnty. of San Bernardino v. McClain*, 2018 WL 4694042, at *1 (C.D. Cal. Feb. 6, 2018) (finding that the *Younger* abstention applied and precluded federal court jurisdiction over ongoing child support action because of the important state interest in child support matters); *Agustin v. Cnty. of Alameda*, 234 F. App'x 521, 522 (9th Cir. 2007) (affirming the district court's sua sponte order of dismissal based on *Younger* abstention, in part, because of the county's ongoing efforts to collect child support payments.)

### 3. *Shahrokhi has an adequate opportunity to litigate his federal constitutional claims.*

State courts are generally presumed to provide a sufficient opportunity to raise constitutional challenges unless state law "clearly bars" them. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). In other words, the third *Younger* element is satisfied if a plaintiff has "the opportunity to raise and have timely decided by a competent state tribunal the federal issues involved." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973).

Shahrokhi has that opportunity here; in fact, he has already demonstrated that he is aware of avenues for appeals and petitions within the state court proceedings. *See e.g.*, ECF No. 62-3 (Nevada Supreme Court Order re Petition for Writ of Habeas Corpus); *cf. H.C. ex rel. Gordon*, 203 F.3d at 613 (applying *Younger* where plaintiffs raised their due process claim before California appellate courts). Furthermore, there is nothing that precludes Shahrokhi from

litigating his federal claims in the state court action. *See Phillips v. Ochoa*, 2021 WL 2446169, at *1 (D. Nev. June 15, 2021), *aff'd*, 2022 WL 3644874 (9th Cir. Aug. 24, 2022) (finding opportunity to litigate federal constitutional claims in ongoing state custody dispute litigation).[12] And Shahrokhi not raising such claims in the state proceedings does not mean that such proceedings were inadequate. *Gilbertson v. Albright*, 381 F.3d 965, 972 (9th Cir. 2004) ("[A] federal plaintiff's failure to avail himself of that opportunity does not mean that the state procedures are inadequate.") (citing *Juidice v. Vail*, 430 U.S. 327, 337 (1977)).

What Shahrokhi really seeks here is "wholesale federal intervention into an ongoing state domestic dispute." *Mezzano v. Second Jud. Dist. Ct. of Nev.*, 2023 U.S. Dist. LEXIS 133748, at *20 (D. Nev. July 31, 2023). Indeed, apart from his excessive force claims, his claims are largely predicated on a challenge to the validity of the child support order and/or underlying state processes which produced and enforced that order and cumulated in his arrest in March 2023. These kinds of claims are precisely what *Younger* abstention compels us to avoid entertaining. *See, e.g., Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir. 1994) (holding that *Younger* abstention was appropriate in § 1983 action alleging that a state court judge violated plaintiff's due process rights in custody battle). Indeed, if Shahrokhi seeks a judgment declaring the state court proceedings unconstitutional or voiding the child support order, he will have to direct such requests to the state currently enforcing that order.[13]

---

[12] The court notes that even if Shahrokhi could somehow establish that he was precluded from litigating his federal claims alleged in claims 5 and 10, those claims would still be dismissed because defendants are entitled to immunity. *See infra*, Section VII.

[13] Further, if this is indeed the relief Shahrokhi seeks, this court would be deprived of jurisdiction over this action pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is a "relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state-court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010), *cert. denied*, 562 U.S. 1219 (2011) (citing *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003)). A lawsuit constitutes a forbidden de facto appeal when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and then seeks relief from a state court judgment based on that decision." *Id.* (internal quotations and citation omitted).

B. ***Younger's*** **bad faith exception does not apply here.**

Liberally construing the SAC and opposition to the motion to dismiss, Shahrokhi appears to claim that defendants acted in bad faith, which could exempt this case from applying the abstention doctrine. *See Kenneally*, 967 F.2d 332 (discussing exception to abstention if the state proceedings involve "bad faith, harassment, or some other extraordinary circumstances" that would make application of the doctrine inappropriate.) "Bad faith" has been found in cases where there was "repeat harassment by enforcement authorities with no intention of securing a conclusive resolution" or where there is evidence of "pecuniary bias by the tribunal." *See Partington v. Gedan*, 961 F.2d 852, 861–62 (9th Cir. 1992). Shahrokhi carries the burden of demonstrating "bad faith." *Applied Underwriters, Inc. v. Lara*, 530 F. Supp. 3d 914, 937 (E.D. Cal. 2021) (A "plaintiff who seeks to head off Younger abstention bears the burden of establishing that one of the exceptions applies"). Shahrokhi fails to carry his burden here; there is nothing in the record before the court indicating bad faith, harassment, or that extraordinary circumstances exist that would warrant application of the exception. Thus, I find abstention under the *Younger* doctrine applies.

C. **The court dismisses claims 1, 2, 4, 5, 8, 9, 10, 11, 12, and 13 because they implicate** ***Younger*** **and absolute and/or qualified immunity applies.**

Normally, when applying *Younger*, claims for injunctive relief are dismissed without prejudice, whereas claims for damages are stayed. *See Gilbertson*, 381 F.3d 979–82; *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 56 F. Supp. 3d 1121, 1143 (C.D. Cal. 2014). In the amended complaint, Shahrokhi broadly[14] seeks damages for each claim, which would normally trigger a stay. But because the defendants are entitled to either absolute or qualified immunity for each of the claims, I therefore dismiss them.

---

[14] In each claim for relief, Shahrokhi seeks monetary damages. In his prayer for relief, Shahrokhi generally seeks monetary damages (general, consequential, special, and punitive) (*see* ECF No. 59 at 38–29). But he also seeks specific, injunctive relief. *Id.* at 39–40. All injunctive relief is denied pursuant to *Younger*.

1        *1.    I abstain from the following claims pursuant to Younger.*

2        In claim one, Shahrokhi alleges that all defendants subjected him to unreasonable search

3    and seizure in violation of the Nevada Constitution. ECF No. 59 at 18–19. Even if the court

4    considered exercising supplemental jurisdiction,[15] which it does not here, these allegations call

5    into question the validity of the warrant for Shahrokhi's arrest, which is an indirect challenge to

6    the child support enforcement action, therefore implicating *Younger.*

7        In claim three, Shahrokhi alleges that defendants Inskeep and Cliffe violated his due

8    process rights under both the Fourteenth Amendment of the U.S. Constitution and Article 1

9    section 8 of the Nevada Constitution by operating on a warrant produced in what Shahrokhi

10   alleges was "kangaroo court[.]" *Id.* at 20–22. These allegations directly challenge the child

11   support enforcement action proceedings, therefore implicating *Younger.*

12       In claim four, Shahrokhi alleges a violation of Article 3, section I of Nevada's

13   Constitution. *Id.* at 22–23, To support this claim, he claims that defendants Inskeep and Cliffe

14   improperly changed, issued, or modified court calendars related to the child support

15   enforcement action. This is another challenge to the child support enforcement action, which

16   implicates *Younger.* Further, the court also declines to exercise supplemental jurisdiction over

17   this claim.

18       In claim eight, Shahrokhi alleges that all defendants violated his Fourteenth Amendment

19   rights to equal protection under the law. *Id.* at 27–28. These allegations challenge the underlying

20   child support order proceedings, therefore implicating *Younger.*

21       Liberally construing the allegations as set forth against all defendants, claim nine alleges

22   an invasion of privacy. *Id.* at 29–30. It is not clear under which authority Shahrokhi brings this

23

24

25   [15] As set forth in this order, I am dismissing the SAC, to include all claims over which this court had
     original jurisdiction. A district court may decline to exercise supplemental jurisdiction if it has dismissed
26   all claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v.
     Gibbs*, 383 U.S. 715, 725–26 (1966) ("[I]f the federal claims are dismissed before trial...the state claims
     should be dismissed as well.").

claim, but in any event, these allegations directly implicate the validity of the child support order, which implicates *Younger.*

In claim 11, Shahrokhi alleges a *Monell* violation and a violation of Title 42, United States Code, Section 1983, against all defendants based on an "unconstitutional custom or policy." *Id.* at 32–36. These allegations challenge the child custody and child support actions, therefore implicating *Younger.*[16]

In claim 12, Shahrokhi alleges that all defendants are liable for the intentional infliction of emotional distress. *Id.* at 36–37. As set forth in the SAC, all defendants engaged in "outrageous conduct from the beginning of child support **custody** enforcement in Shahrokhi's case[,]" which implicates the state's proceedings on enforcing its important interest in securing child support. *Id.* (emphasis added). Thus, *Younger* is implicated.[17]

In claim 13, Shahrokhi alleges that he was retaliated against for exercising his First Amendment rights. *Id.* at 37–38. The allegation stems from his alleged "illegal arrest" brought against defendants Boutos and Bourne based on their alleged "unconstitutional entry arrest and search." *Id.* at 37. This claim challenges the child support enforcement action, including the issuance of the warrant for Shahrokhi's arrest, therefore implicating *Younger.*

**VII.   Defendants are entitled to absolute and/or qualified immunity for claims 1, 2, 4, 5, 8, 9, 10, 11, 12, and 13.**

**A.   Absolute immunity**

Both the Supreme Court of Nevada and the Ninth Circuit have recognized that enforcement of child-support orders by a district attorney is an integral part of the judicial process that warrants prosecutorial immunity. *See County of Washoe v. Second Jud. Dist. Ct.*, 652 P.2d 1175, 1176 (Nev. 1982); *Cash v. Los Angeles Cnty. Dist. Atty.*, 50 F.3d 13, 1 (9th Cir. 1995) (unpublished). The purpose behind immunity is to allow prosecutors to "independently"

---

[16] As pled, this claim also implicates the *Rooker-Feldman* doctrine because it challenges the child custody order. *See supra*, footnote 14.

[17] Like claim 11, this claim as pled also implicates the *Rooker-Feldman* doctrine because it seemingly challenges the child custody order.

1   "perform their public duties free from fear that their actions might give rise to civil liability."

2   *Coverdell v. Dep't of Soc. & Health Servs., State of Wash.*, 834 F.2d 758, 762 (9th Cir. 1987). Absolute

3   immunity extends to claims arising under 42 U.S.C. § 1983. *Forrester v. White*, 484 U.S. 219, 224

4   (1988).

5       Clark County District Attorney's Office Family Support Division, and all defendants, are

6   absolutely immune from damages relating to the enforcement of child support orders, as that

7   function equates to the performance of prosecutorial and quasi-judicial functions. *See Fockaert v.*

8   *Cnty. of Humboldt*, 1999 WL 30537, at *6 (N.D. Cal. Jan. 15, 1999) (citing *Meyers v. Contra Costa Cnty.*

9   *Dep't of Soc. Servs.*, 812 F.2d 1154, 1156–59 (9th Cir. 1987)); *Cash*, 50 F.3d at *4. Thus, while

10  Shahrokhi seeks monetary damages for claims 1, 2, 4, 8, 9, 11, 12, and 13, which would normally

11  require a stay under *Younger*, I dismiss them, with prejudice, because the defendants are entitled

12  to absolute immunity for their act relating to their roles in carrying out the judge's order in the

13  child support enforcement action.

14      In claim 10, Shahrokhi alleges that defendants Boutos and Bourne violated his Fourth

15  Amendment rights by falsely imprisoning him (ECF No. 59 at 30–31) while they were acting to

16  enforce the facially valid child support enforcement bench warrant for him.[18] However,

17  defendants are entitled to absolute immunity because they were carrying out a court order by

18  executing a facially valid warrant. *See Coverdell*, 834 F.2d at 764–65 (persons who "faithfully

19  execute valid court orders are absolutely immune from liability for damages in civil rights

20  actions challenging conduct authorized by the order."); *Engebretson v. Mahoney*, 724 F.3d 1034,

21  1038 (9th Cir. 2013) (citing *Matthews v. Densmore*, 109 U.S. 216, 218–19 (1883) ("[P]ublic officials

22  who ministerially enforce facially valid court orders are entitled to absolute immunity.")); 

23  *Foley v. Graham*, 2020 WL 4736457, at *4 (D. Nev. Aug. 14, 2020) ("An officer will therefore be

24  cloaked in quasi-judicial immunity so long as he is carrying out the explicit orders of the court.")

25  (citing *Brooks v. Clark Cnty.*, 828 F.3d 910, 919 n.6 (9th Cir. 2016)).

26  _____

[18] *See* Bench Warrant, Defs.' Ex. A, ECF No. 62-1; Order adopting Report and Recommendation issuing
the bench warrant, Defs.' Ex. B, ECF No. 62-2 at 1.

### B.   Qualified Immunity

Further, defendants Boutos and Bourne are entitled to qualified immunity for claims 5 and 10. The doctrine of qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). There is a two-step inquiry when determining whether an official should be granted qualified immunity. A court must determine: (1) whether the defendant violated a federal constitutional or statutory right, and (2) whether that right was "clearly established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). "Lower courts have discretion to decide which of the two prongs . . . to tackle first." *Id.* No matter which prong I evaluate first, the defendants are entitled to qualified immunity[19] for claims 5 and 10. While Shahrokhi pleads that the bench warrant was invalid,[20] he was arrested on a facially valid warrant. Where someone is arrested on a facially valid warrant, there can be no showing a violation of a constitutional right. *See Valdez v. Linder*, 2010 WL 378354, at *2 (D. Mont. Feb. 1, 2010) (citing *Baker v. McCollan*, 443 U.S. 137, 144 (1979) (holding that an arrest pursuant to a facially valid warrant does not establish a constitutional violation)). And the Ninth Circuit has held that is no violation of a constitutional or statutory right where an arresting officer has a reasonable, good faith belief that he is acting pursuant to a properly issued warrant. *See In re Roberts Litig.*, 693 F. App'x. 630, 631 (9th Cir. 2017) ("Because the [] Officers did not violate clearly established constitutional law when they arrested [plaintiff] pursuant to a facially valid warrant issued by the tribal court, they are entitled to qualified immunity. The officers' good faith reliance on the facially valid warrant was not unreasonable."). Accordingly, defendants are entitled to qualified immunity for claims 5 and 10.

---

[19] The court is mindful of the Ninth Circuit's caution that "[d]etermining claims of qualified immunity at the motion-to-dismiss stage raises special problems for legal decision making." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018) (citing *Kwai Fun Wong v. United States*, 373 F.3d 952, 956–57 (9th Cir. 2004)). Given that *Younger* is implicated for almost all of Shahrokhi's claims, the court addresses qualified immunity to explain why a stay would be inappropriate on those claims.

[20] *See* ECF No. 59 at 23 ("[Defendants] had no valid bench warrant.").

Further, Shahrokhi's arguments that defendants Boutos and Bourne had no right to enter his home are simply incorrect. In *United States v. Gooch*, the Ninth Circuit held "that a valid arrest warrant issued by a neutral magistrate judge, including a properly issued bench warrant for failure to appear, carries with it the *limited* authority to enter a residence in order to effectuate the arrest as provided for under *Payton*." 506 F.3d 1156 (9th Cir. 2007) (emphasis added); *see Payton v. New York*, 445 U.S. 573 (1980). Shahrokhi does not dispute that defendants Boutos and Bourne entered his home to effectuate his arrest. *See generally* Opp'n, ECF No. 66 at 9–10. Instead, Shahrokhi maintains that defendants unlawfully entered his home based on his belief that the warrant was "invalid," (*id.* at 13) and makes unsupported and conclusory arguments that the hearing master was not neutral. This is insufficient to establish a federal constitutional violation or to demonstrate that defendants violated a constitutional or "clearly established" right. Accordingly, I dismiss claims 5 and 10 with prejudice and without leave to amend, as amendment would be futile.

C.   **Claim 2 is dismissed without prejudice and with leave to amend.**

In claim 2, Shahrokhi alleges that defendants Boutos and Bourne violated his Eighth Amendment right to be free from excessive force.[21] But the "Eighth Amendment's prohibition against the malicious or sadistic use of force (*Hudson v. McMillian*, 503 U.S. 1 (1992)), does not apply "until after conviction and sentence," (*Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989)), so I grant defendant's motion to dismiss claim 2.

Shahrokhi seemingly intends to bring a § 1983 claim alleging excessive force during his arrest, which would be evaluated under the Fourth Amendment. *See Graham*, 490 U.S. at 395 n.10 (holding the Due Process Clause of the Fourteenth Amendment governs excessive force claims brought by pre-trial detainees.); *see also Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002) (The Fourteenth Amendment protects pretrial detainees from uses of force that amount to punishment.).

---

[21] Shahrokhi also alleges a violation of Article 1, § 8 of the Nevada Constitution. The court declines to exercise supplemental jurisdiction over this state law claim.

The court is mindful of Shahrokhi's pro se status. The Ninth Circuit has long instructed that where the complaint has been filed by a pro se plaintiff, like in the case here, courts must "construe the pleadings liberally … to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Thus, "[a] district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)). Because it is not clear if Shahrokhi can cure the pleading defect in claim 2, I give him leave to amend this claim against defendants Boutos and Bourne only. But because Shahrokhi has already amended his complaint twice,[22] Shahrokhi **must comply with the instructions regarding filing the amended complaint set forth in the conclusion of this order.**

**D.    Claims 6 and 7 fail as a matter of law because there is no private right of action under Title 18 of United States Code.**

In claims 6, and 7, Shahrokhi alleges all defendants violated Title 18, United States Code, Sections 242 and 241. Both claims fail as a matter of law as the Ninth Circuit has long held that federal criminal statutes do not carry a private right of action. *See Dyson v. Utigard*, 163 F.3d 607, 607 (9th Cir.1998) (criminal offenses under Title 18 of the U.S. Code do not create a private right of action); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions under Title 18 of the U.S. Code "provide no basis for civil liability") (citations omitted); *see also Jones v. Harris*, 665 F. Supp. 2d 384, 404 (S.D.N.Y. 2009) ( "Only a prosecutor can file criminal charges against a citizen …."). Accordingly, claims 6 and 7 fail and are dismissed with prejudice.

**VIII.    Conclusion**

IT IS THEREFORE ORDERED that defendants' motion to dismiss the first amended complaint **[ECF No. 23] is DENIED as moot.**

---

[22] A "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

IT IS FURTHER ORDERED that Shahrokhi's motion for partial summary judgment [ECF No. 29] is DENIED as moot.

IT IS FURTHER ORDERED that Shahrokhi's motion to strike [ECF No. 30] is DENIED as moot.

IT IS FURTHER ORDERED that Shahrokhi's motion to dismiss defendant Nguyen is [ECF No. 39] is DENIED as moot.

IT IS FURTHER ORDERED that Shahrokhi's motions to strike [ECF Nos. 47, 57] are DENIED as moot.

IT IS FURTHER ORDERED that Shahrokhi's motion for reconsideration [ECF No. 61] is DENIED as moot.

IT IS FURTHER ORDERED that Shahrokhi's requests for judicial notice [ECF Nos. 69, 72] are DENIED as moot.

IT IS FURTHER ORDERED that defendants' motion to dismiss the second amended complaint [ECF No. 62] is GRANTED. All claims, except claim 2, are **DISMISSED with prejudice**.

IT IS FURTHER ORDERED that claim 2 is dismissed without prejudice and with leave to amend. If Shahrokhi chooses to file a third amended complaint, it must comply with the following instructions:

(1) The third amended complaint must be titled **Third Amended Complaint** and be filed within 14 days of this order;

(2) Shahrokhi can only bring the § 1983 claim relating to Shahrokhi's arrest on the bench warrant;

(3) The third amended complaint must comply with Federal Rule of Procedure 8. Rule 8 requires the pleader to set forth his averments in a simple, concise, and direct manner. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including those lacking access to counsel);

(4) The complaint **cannot bring any new claims for relief or name any new defendants;**

(5) The third amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint; and

(6) The complaint cannot challenge, either directly or indirectly, Shahrokhi's family court custody and child support cases.

Failure to follow these instructions may result in dismissal of the third amended complaint.

Shahrokhi is reminded that Judge Dorsey's vexatious litigant order remains in full effect. This means that if Shahrokhi intends to file any new cases in this court that relate in any way to his state-court child-custody matter, he must:

(1) Apply to the Chief Judge of this District for leave to file the document by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File" and which must be supported by a declaration from Shahrokhi, made under penalty of perjury, stating that: (1) the matters asserted in the new complaint or papers have never been raised and disposed of on their merits by any court; (2) the claim or claims are not frivolous or made in bad faith; (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims; and

(2)  Attach a copy of Judge Dorsey's order to any such application.

Dated: January 22, 2024

_____
Cristina D. Silva
United States District Judge