UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Ali Shahrokhi,<br><br>          Plaintiff<br><br>v.<br><br>Nicholas Boutos, et al.,<br><br>          Defendants | Case No. 2:23-cv-00671-CDS-DJA<br><br>**Order Granting Motion to Dismiss the<br>Third Amended Complaint**<br><br>[ECF No. 80] |

This is a 42 U.S.C. § 1983 action brought by pro se plaintiff Ali Shahrokhi.[1] I previously granted Shahrokhi leave to amend claim 2 in this case and file a third amended complaint (TAC), however that leave was given with very specific instructions. *See* Order, ECF No. 75 at 18–20. After stipulating to extend the time to file the TAC (ECF Nos. 76, 78), Shahrokhi filed it on February 20, 2024. TAC, ECF No. 79. Defendants Nicholas Boutos and Kenneth Bourne now move to dismiss the TAC, arguing: (1) Shahrokhi failed to comply with my order permitting him to amend claim 2, (2) the TAC fails to state a claim upon which relief can be granted, and (3) that immunity bars this action. Mot., ECF No. 80. Shahrokhi filed an opposition to the motion, wherein he asserts that the Family Division of the Eighth Judicial District Court does not have jurisdiction over him, denies the existence of the same child custody case that formed the bases of his many cases in this District, and lodges unhelpful and irrelevant personal attacks against the defendants. *See* Opp'n, ECF No. 81. This motion is now fully brief. *See* Reply, ECF No. 82. For the reasons set forth herein, I grant defendants' motion to dismiss. As a result, I kindly direct the Clerk of Court to enter judgment accordingly and to close this case.

---

[1] As noted in my omnibus order resolving several outstanding motions, this is Shahrokhi's tenth action in this court related to his ongoing dispute with two cases in the Family Division of the Eighth Judicial District Court. Omnibus order, ECF No. 75 at 1, n.1 (listing cases).

I.  Discussion

In my order granting Shahrokhi leave to amend, I instructed him that he "**must comply with the instructions regarding filing the amended complaint set forth in the conclusion of this order.**" ECF No. 75 at 18 (emphasis in original). As relevant here, those instructions directed Shahrokhi to "only bring the § 1983 claim relating to [his] arrest on the bench warrant," and further stated that the TAC could not "challenge, either directly or indirectly, Shahrokhi's family court custody and child support cases." *Id.* at 19–20. Defendants argue that I should dismiss the TAC because (1) Shahrokhi added the additional claims for relief; (2) it violates other parts of my order, including continuing to litigate already dismissed claims, and (3) it challenges the family court custody and child support cases. *See* ECF No. 80 at 3–7.

In response, Shahrokhi argues that the defendants are "lying" when they state there is an open and ongoing state case in Nevada, and again challenges the validity of the warrant issue against him. *See* ECF No. 81 at 2–3. He also claims that this court's subject matter jurisdiction over this action is based on "diversity jurisdiction," and that the state of Nevada has no jurisdiction over him because he resides in California. *Id.* at 2–4; 5–6. Finally, Shahrokhi contends that the *Younger* abstention doctrine does not apply here, that the defendants are not covered by any sort of immunity, and that the TAC adequately alleges both state and federal claims of excessive force against the defendants. *Id.* at 7–9; 11–19.

I find that Shahrokhi violated both instructions. After being instructed to only bring a complaint pursuant to 42 U.S.C. § 1983,[2] he brought a second claim under Article I, §§ 8 and 18 of

---

[2] Shahrokhi's § 1983 claim also includes a civil conspiracy allegation under 42 U.S.C. § 1985. I do not find this to be a violation of my order as the § 1985 claim arises out of the same allegations. To assert a cause of action under Section 1985(3), a plaintiff must sufficiently allege three elements: "(1) the existence of a conspiracy to deprive the plaintiff of equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000). Although Shahrokhi has alleged the general elements of a § 1983(5) claim, it nonetheless fails. As the Ninth Circuit has explained, "[g]enerally, without 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action,' no action under 42 U.S.C. § 1985 may lie." *Prasad v. Santa Clara Dep't of Soc. Servs.*, 685 F. App'x 538, 540 (9th Cir. 2017) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Shahrokhi has not alleged any racial or any other class-based animus, much less

2

Nevada's Constitution.[3] *See* ECF No. 79 at 8–10. However, I find that Shahrokhi only violated this order in part by bringing the claim under Article I, Section 8 of Nevada's Constitution. I abstained from considering this exact claim for the reasons set forth in my omnibus order dismissing the second amended complaint. *See* ECF No. 75 at 13. However, because I am required to give pro se plaintiffs the benefit of the doubt, *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), I do not find that Shahrokhi violated my order by bringing the additional claim under Article 1, Section 18 of Nevada's Constitution because it is the state analogue to his § 1983 claim. *See Hiibel v. Sixth Jud. Dist. Ct.*, 59 P.3d. 1201, 1204 (Nev. 2002) (discussing the Fourth Amendment to the U.S. Constitution, which is substantively identical to Article 1, Section 18 of the Nevada Constitution). I also find that the allegations in the TAC violate my directive not to "challenge, either directly or indirectly, Shahrokhi's family court custody and child support cases." Despite that clear order, the TAC includes allegations challenging his family court cases. *See* ECF No. 79 at 4, ¶¶ 13, 14 (stating the defendants illegally arrested Shahrokhi on an "invalid bench warrant," again challenging the warrant,[4] but also alleging that the family court judge acted without judicial authority when it issued a bench warrant for Shahrokhi's arrest).

Although I find Shahrokhi only violated my order in part, he nonetheless violated it—repeatedly. Thus, after consideration of those violations, together with the fact that this is not the first time Shahrokhi has violated the rules of this court,[5] and considering his history and

---

any allegations that the defendants conspired against his rights based on his membership to any class. Thus, the TAC fails to state a claim under 42 U.S.C. § 1985(3) and is therefore dismissed.

[3] Article I, Section 8 of Nevada's Constitution addresses the rights of an accused in criminal prosecutions. Article I, Section 18 addresses unreasonable searches and seizures.

[4] In my order dismissing the second amended complaint, I found that the defendants Boutos and Bourne were acting to enforce a facially valid child support enforcement bench warrant. *See* Order, ECF No. 75 at 15-17.

[5] *See* Min. order, ECF No. 26 (finding Shahrokhi violated the local rules and cautioning him that failure to comply with the rules may result in sanctions, including but not limited to dismissal of this action); *Shahrokhi v. Throne*, 2022 U.S. Dist. LEXIS 103128 at *4, n. 11 (D. Nev. June 9, 2022) (cautioning Shahrokhi and opposing counsel that they must comply with the local rules); *see also Shahrokhi v. Throne*, 2022 U.S. Dist. LEXIS 127575, at *1 n. 1 (D. Nev. July 18, 2022) (noting that Shahrokhi failed to comply with local rules when he filed a response and a countermotion in one document);

failure to comply with court orders throughout the numerous cases he brought in this district, I dismiss the TAC.

"District courts have inherent power to control their dockets." *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). And they "may dismiss an action for failure to comply with any order of court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citing Fed. R. Civ. P. 41(b)); *see also Comput. Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (applying this test and affirming an order imposing dismissal as a terminating sanction under Rule 37(b) for repeated violations of discovery orders). Because the five-factor test for dismissal is a disjunctive balancing test, not all five factors have to support dismissal. *See Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998); *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The first factor—the public's interest in the expeditious resolution of litigation—always favors dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). In this case, the first two factors weigh heavily in favor dismissal. Shahrokhi, who has already been declared vexatious in this district,[6] was given the opportunity to bring this action, and thereafter was granted multiple opportunities to amend this complaint. Orders granting leave to amend, ECF Nos. 58, 75. The court conducted a full analysis of the second amended complaint and dismissed it accordingly. Order dismissing SAC, ECF No. 75. However, based on the allegations in the SAC together with the implication of the *Younger* abstention doctrine,[7] the court granted Shahrokhi

---

[6] *See Shahrokhi v. Throne*, 2022 U.S. Dist. LEXIS 127575, at *1 (D. Nev. July 18, 2022).
[7] Shahrokhi argues that this action arises under diversity jurisdiction, so this court has no "discretion regarding whether it uses its jurisdiction to decide on state issues or not." ECF No. 81 at 3, n. 3; 4-5. But

leave to file the TAC with specific instructions so the court could evaluate his proposed § 1983 claim without implicating his underlying state court proceedings. As set forth above, he failed to follow those specific instructions. It's clear from his opposition why he failed to comply: he makes clear the purpose of this action is to vindicate his belief that: (1) there is no ongoing state court proceeding against him and that the state of Nevada has no jurisdiction over him because he no longer resides in Nevada (*see* ECF No. 81 at 2 ("there is absolutely not even a single case ongoing in Nevada against Shahrokhi regarding his child custody matters")), and *id.* fn. 2 ("Defendants fail to demonstrate which state case is ongoing in Nevada and simply lie as usual, there is no state case involving Shahrokhi's child custody matters anywhere in the entire state of Nevada. It is wishful thinking for the defendant. Shahrokhi has left the state, so Nevada absolutely has no jurisdiction over him nor his minor child.")), and (2) the bench warrant issued in his family court case that led to his arrest was invalid, *see* ECF No. 81 at 3 ("Shahrokhi vehemently opposes because the bench warrant was invalid and was not issued/signed by a judicial officer or magistrate, as mandated by the state's constitution and requirements."); *see also* ECF No. 79 ("SHAHROKHI was then placed into an unmarked car, and immediately started telling both defendants, BOUTOS and BOURNE, that the bench warrant was invalid and insufficient on its face as it did not have a judge's signature or supported by any affidavit or affirmation mandated by law []".).

Shahrokhi's failure to comply with this court's orders has led to consuming "large amounts of the court's valuable time that it could have devoted to other major and serious . . . cases on its docket." *Ferdik*, 963 F.2d at 1261. "[I]t is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious

---

he brought this action pursuant to 42 U.S.C. § 1983, so federal question jurisdiction applies as this action arises "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Diversity jurisdiction is found in 28 U.S.C. § 1332, which extends federal jurisdiction to cases arising under state law *only* where there is complete diversity of the parties, and the statutory amount-in-controversy (over $75,000) is satisfied. *See* 28 U.S.C. § 1332(a)(1). The TAC contains brings both federal and state law claims, so diversity jurisdiction does not apply.

noncompliance of litigants like the pro se plaintiff in that case." *id.*; *see also Computer Task Grp.*, 364 F.3d at 1115 ("Where a court order is violated, the first and second factors will favor sanctions . . . ."). Further, the court has little confidence Shahrokhi will comply with future orders of this court, which will in it of itself, consuming more court resources and time.[8] Thus, the first two factors weigh heavily towards dismissal.

The third factor, the risk of prejudice to defendants, always weighs in favor of dismissal. "In determining whether a defendant has been prejudiced, [the court] examine[s] whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (citation omitted). Here, as already discussed, Shahrokhi has repeatedly failed to obey the court's orders and based on his history in this case, together with his litigation tactics in the numerous other cases brought in this district, the court has little confidence he will comply with future orders. His failures to comply with the court's instructions, as well as the rules of the court, creates undue delay, prejudices defendants, and overburdens the court.

Generally, the fourth factor—the public policy favoring disposition of cases on their merits—typically weighs against dismissal. *See Hernandez*, 138 F.3d at 399. This case is no exception, even despite Shahrokhi's demonstrated inability to comply with court orders and rules.

Finally, the availability of less drastic alternatives also weighs towards dismissal. The court does not need to explore every option before dismissing a case. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Indeed, the court only needs to ensure that "possible and meaningful alternatives be reasonably explored, bearing in mind the drastic foreclosure of rights that dismissal effects." *Id.* And "case law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives'

---

[8] As an example, if this action were to proceed to trial, the court may need to instruct Shahrokhi that he could not introduce certain arguments or pieces of evidence. His pleadings make clear he would be unable to comply with such orders.

6

requirement." *Malone*, 833 F.2d at 132 (citations omitted). Here, the court has explored many alternatives to dismissal. The court gave Shahrokhi explicit instructions about amending his complaint a third time. *See* ECF No. 75 at 19–20. It also gave him additional time to amend the TAC. *See* Order granting mot. to extend time to file the TAC, ECF No. 78. Further, the court also previously cautioned Shahrokhi that he could face sanctions if he failed to comply with the rules of this court. *See* Min. order, ECF No. 26; Order, ECF No. 75. Despite these warnings, he continues to violate court orders, and continues to engage in abusive litigation tactics. For example, Shahrokhi lodges irrelevant personal attacks in the TAC. *See* ECF No. 79 at 5 (calling a non-party a "low-life" and a drug dealer). He also lodges irrelevant character attacks in his opposition to the motion to dismiss. *See* ECF No. 81 at 4 (allegations of irrelevant character evidence against a defendant); *id.* at 9 (accusing defendants of "lying" and misleading the court). He also threatens additional lawsuits. *See id.* (stating that even if this action is dismissed, he will just file another case and "defendants are put on notice: I am not going anywhere until I get justice, whether it's through filing a new lawsuit or pursuing an appeal and another lawsuit"). He engages in this conduct this even after Judge Dorsey found that his filings are "littered with extreme and crass language," ECF No. 21 at 3, n. 9 (citing ECF No. 18 at 15) in 2:22-cv-0001-JAD-VCF, and that his repeat filings are harassing and are not brought in good faith. *Id.* at 4. The history of this case, and the ten other actions brought by Shahrokhi, amply demonstrates that he does not understand, or cannot accept, that he cannot challenge on-going state court proceedings in this court and providing further opportunities to comply would be futile. Accordingly, the court concludes that no less drastic alternatives remain available, so the fifth factor thus weighs towards dismissal.

      For these reasons, the majority of the factors militate in favor of dismissal, so defendants' motion to dismiss is granted. The TAC is hereby dismissed without leave to amend.

II. Conclusion

IT IS HEREBY ORDERED that defendants' motion to dismiss the third amended complaint [ECF No. 80] is GRANTED with prejudice.

The Clerk of Court is kindly instructed to enter judgment accordingly and to close this case.

Dated: February 18, 2025

_____
Cristina D. Silva
United States District Judge